OPINION
Defendant, Steven L. Yeaton, appeals from a judgment and decree of divorce terminating his marriage to Plaintiff, Bridgett A. Yeaton.
The parties are the parents of a minor child, Lindsey, who was born on March 11, 1992. The court designated Bridgett A. Yeaton the child's residential parent and legal custodian.
Stephen[1] filed a timely notice of appeal from the judgment and decree. He presents two assignments of error. Both concern the custody order. Bridgett has not filed a brief.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY AWARDING THE CUSTODY OF THE MINOR CHILD TO THE PLAINTIFF-APPELLEE AND THAT SUCH AWARD WAS ARBITRARY, CAPRICIOUS AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A hearing on the complaint for divorce was held on September 1, 2000. At the conclusion of the hearing the court delivered an oral statement from the bench of its findings and conclusions on the issues presented. Concerning custody of the minor child, the court stated:
 "First of all, the Court finds from evidence the parties are not capable of cooperating or communicating at the level that is necessary to make joint decisions concerning the welfare of the child, so there is no reason to pursue the idea of shared parenting.
 The Court will designate the mother as the residential parent and legal custodian. The Court finds this to be in the child's best interest. There are a number of things that are distressing about the situation. And sir, you're behavior as a father in this case, I don't doubt you love your child, but there is something wrong here when the mother of your child is providing most of the child support and you can't see to it she has a car she can drive. That's a problem. I am also here to tell you parenting is not something you drop into and drop out of.
THE DEFENDANT: She's the one —
 THE COURT: No, sir, this is my turn. If you do decide to drop out of the child's life for a couple months, then all visitation is suspended until you come back to Court, and we decide what the visitation is going to be.
 I'm going to go order the Standard Order of Visitation, nothing other than the Standard Order, unless the two of you agree to it in writing. None of this casual dropping in on things, making phone calls. If you can't communicate civilly, you're not going to do it that way."
(T. 92-93).
A court that grants a decree of divorce is charged by R.C. 3109.04(A) to "allocate the parental rights and responsibilities for the care of the minor children of the marriage." Per division (B)(1) of that section, in making its allocation "the court shall take into account that which would be in the best interest of the children." When determining the child or children's best interest, the court is mandated by division (F)(1) of R.C. 3109.04 to "consider all relevant factors, including, but not limited to" those set out in paragraphs (a) through (j) therein.
The determinations required by R.C. 3109.04 are committed to the sound discretion of the trial court. They will not be reversed on appeal absent a showing that the court failed to consider one of the factors relevant to a child's best interest or that the court abused its discretion when it applied the facts to the law involved. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
The assignment of error presented implies an abuse of discretion. It also states that the trial court's judgment is against the manifest weight of the evidence, which is a basis for reversal. However, judgments which are supported by some competent, credible evidence will not be reversed on that ground. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279.
Steven first argues that the trial court erred when it ignored the factors set out in R.C. 3109.04(F)1)(a)-(j) to determine Lindsey's bestinterest and instead focused on his failure to provide Bridgett a car to drive.
With respect to the matter of the car, it appears that Bridgett was unable to obtain tags for a car that was titled in Steven's name, which was her only means of self-transportation after they separated, either because Steven had failed to provide her a necessary power of attorney or because of an E-check problem. Bridgett was then dependent on her sister, with whom she lives, for transportation. There is no evidence that this had a negative effect on their child, Lindsey.
The court's reference to Steven's dropping in and out of Lindsey's life appears to concern his admitted inclination to not see her for a time should Bridgett be awarded custody. How long that might be is unclear, but Steven said it might be several months, while he re-evaluated his life.
The matter of child support the court mentioned appears to concern an arrearage in temporary support that Steven owes. The other matters that the statutory factors might implicate are necessarily gleaned from the record.
Bridgett shares a one bedroom apartment with her sister, bother-in-law, and their child. Bridgett sleeps in the living room. She testified that Lindsey has her own room.
Until the parties separated, they lived for most of Lindsey's life with Steven's parents. His mother, Mary Yeaton, testified that she and her husband provided food for the whole family and Lindsey's clothing. Bridgett and Steven were to pay $100 per month rent, but rarely did.
Bridgett is employed. Bridgett works from 5:00 a.m. until 1:30 p.m. Her sister watches and cares for Lindsey during that time.
Steven is also employed. His mother would watch and care for Lindsey while Steven is at work.
Steven was off work and received workers compensation for back problems while he was required to pay temporary child support. He failed to make some payments, though he didn't explain why. An arrearage of approximately $1,920 resulted.
Bridgett testified that she has been Lindsey's principal care giver during her life. Steven didn't dispute that, but testified concerning his activities with Lindsey, which are mostly recreational. His mother, Mary Yeaton, testified concerning the care she's provided. All three testified that they've formed a strong bond with Lindsey. None testified that the other has been a negative influence.
Steven argues on appeal that the trial court ignored the statutory factors regarding determination of Lindsey's best interest and instead arbitrarily chose the "lesser of two evils." We do not agree.
There is evidence that Bridgett has been Lindsey's principal care-giver during her life. That evidence is relevant to "[t]he child's interaction and interrelationship with (her) parents," a factor the court is required to consider. R.C. 3109.04(F)(1)(c). The court is also required to consider "[w]hether either parent has failed to make all child support payments," R.C. 3109.04(E)(1)(g), and there is evidence that Steven was in arrears in his support obligation. This is competent, credible evidence which supports the trial court's custody order. Therefore, we find that it is not against the manifest weight of the evidence.
The claim that the court acted arbitrarily and capriciously must be resolved on the "abuse of discretion" standard. The trial court's chastisement of Steven concerning his failure to provide a car for Bridgett's use may have little relevance to the issue of Lindsey's best interest. However, we cannot find that the court's finding in that regard or the residential parent order resulting from it demonstrates an attitude on the court's part which is unreasonable, arbitrary, or unconscionable. Blakemore, supra.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE COURT ERRED TO THE SUBSTANTIAL PREJUDICE TO THE DEFENDANT-APPELLANT BY NOT GIVING ADEQUATE WEIGHT TO HIS ROLE AS CARETAKER OF THE CHILDREN IN THE AWARD OF THE TAX EXEMPTION TO PLAINTIFF-APPELLEE.
Steven'S mother, Mary Yeaton, claimed Lindsey as a dependent on her 1999 income tax return. Her testimony indicates that this was done in good faith, after consulting tax authorities and providing documentation, in view of the living accommodations she provided for Lindsey in 1999.
Bridgett also claimed Lindsey as a dependent on her 1999 income tax return. The IRS has disallowed the claim, apparently in view of Mary Yeaton's claim. Bridgett now owes a tax deficiency of $3,180.
The court made the following orders concerning the dependency claim for Lindsey:
 "Next the issue is tax exemptions. The mother shall have tax exemptions for the minor child starting with the year 1999. The father can apply to have to share the tax exemption or to have it awarded to him after the child support arrearages are paid in full.
 The father shall reimburse the mother the $3,180 tax liability which she incurred in 1999 as a result of being denied the ability to claim the child as a tax exemption for that year."
(T. 94).
When Steven complained that the 1999 dependency claim was made not by him but by his parents, the court stated: "Well, he can take that up with his parents." (T. 96).
Steven argues that the court abused its discretion when it ordered him to pay Bridgett $3,180 on the tax deficiency. He points out that the deficiency was not the result of any doing on his part, and is a dispute between Bridgett and his parents. Therefore, the matter of the deficiency was outside the jurisdiction of the domestic relations court that was invoked by the divorce action before it. We do not agree.
The tax deficiency accrued during the marriage. It is a liability unrelated to any asset which the court awarded in a division or distribution of property pursuant to R.C. 3105.171. However, after it does that, the court is authorized to award reasonable spousal support "by decreeing a sum of money, payable either in gross or by installments, from future income or otherwise, as the court deems equitable." R.C. 3105.18(B). In so doing the court is authorized to consider the relative assets and liabilities of the parties and "any other factor the court expressly finds to be relevant and equitable."Id.
The order that Steven pay Bridgett $3,180 on the tax deficiency she owes is a spousal support order. It appears that the court believed it equitable to impose that responsibility on Steven because his parents benefited from the dependency claim that created the deficiency. Steven's connection with that benefit may be remote, but Bridgett has none at all. We find no abuse of discretion.
The second assignment of error is overruled.
 Conclusion
Having overruled all the assignments of error, we will affirm the judgment of the trial court.
BROGAN, J. and FAIN, J., concur.
[1] For purposes of clarity and economy, the parties are identified by their first names.